UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:08-CV-1053 (CEJ) |
| ) | |
| ONE 2002 CADILLAC ESCALADE, ) | |
| VIN 1GYEK63N02R181958, ) | |
| with all appurtenances and ) | |
| attachments thereon, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF DECISION

This matter is before the Court following a bench trial on the government's complaint of forfeiture pursuant to 21 U.S.C. § 881(a). Claimant Kelvin Pittman did not appear in person or through counsel.

### I. Procedural Background

On July 18, 2008, the government filed a verified complaint of forfeiture under 21 U.S.C. § 881(a). The government alleged that, on December 4, 2007, in the Eastern District of Missouri, the defendant vehicle was seized while being driven by William Thomas, who was the subject of an investigation into a cocaine trafficking organization operating in the St. Louis area. The government achieved service in this action upon Mr. Thomas via certified mail; however, Mr. Thomas agreed to forfeit his interest in all seized property as part of a plea agreement entered in the criminal matter against him, United States v. William Thomas, S1-4:07-CR-656 (DJS), and did not file a claim in this case.

The DEA published notice of the seizure and forfeiture action in the Wall Street Journal on January 28, February 4, and February 11, 2008; the government published

notice in the St. Louis Daily Record and the St. Louis Countian on August 20, 2008. On October 2, 2008, attorney Cordell Siegel filed a claim to the vehicle on behalf of Kelvin Pittman. No other claims were filed. On June 2, 2009, Mr. Siegel moved to withdraw as counsel, citing Mr. Pittman's failure to cooperate or communicate with him. The Court granted Mr. Siegel's motion on July 2, 2009.

The case was tried to the Court, without a jury, on July 7, 2009. Based on the evidence presented, the Court makes the following findings of fact and conclusions of law as required by Rule 52(a)(1) of the Federal Rules of Civil Procedure.

II. **Findings of Fact**

The United States presented the testimony of one witness, Special Agent Brian Witek of the Drug Enforcement Agency (DEA), in support of its claim. Special Agent Witek testified that the defendant vehicle was seized on December 4, 2007, from Mr. Thomas who, upon questioning, stated that he owned the vehicle. Missouri Department of Revenue records indicated that the vehicle was registered to Tamika and Tarvino Houston; Tarvino Houston was previously convicted of possession with intent to distribute cocaine. Investigators were informed that the vehicle was given to Mr. Thomas by Tarvino Houston as payment for a drug debt.

On November 3, 2008, investigators interviewed claimant Kelvin Pittman. Mr. Pittman stated that he had purchased the car from Tarvino Houston, but he had completed no documents in connection with the sale. He told investigators that he subsequently met Mr. Thomas, who expressed an interest in the car. He negotiated a sale of the vehicle to Mr. Thomas and gave him the keys. In his verified claim filed on October 2, 2008, Mr. Pittman stated that Mr. Thomas was "test driving" the car at the time it was seized.

Special Agent Witek testified that official records show that title to the vehicle was initially held by Tamika and Tarvino Houston. The Houstons signed a transfer of title to Mr. Pittman in March 2008, after the vehicle was seized. According to Special Agent Witek, Mr. Pittman provided two addresses on the transfer of title; both addresses were determined to be fraudulent.

III. Conclusions of Law

Section 881 of Title 21, United States Code, provides that the following shall be subject to forfeiture to the United States: (1) property that was furnished or intended to be furnished in exchange for controlled substances, in violation of Title 21 U.S.C. §§ 801 *et seq.*; (2) all proceeds traceable to such an exchange; and (3) conveyances (including vehicles) that are used to facilitate the illegal sale or possession of controlled substances. See 21 U.S.C. § 881(a)(4) and (6). The evidence in this case establishes that there was reasonable cause for the seizure of the defendant vehicle. The evidence also establishes that the defendant vehicle was furnished or was intended to be furnished in exchange for controlled substances, was proceeds traceable to such an exchange, or was used or intended to be used to facilitate such an exchange, in the Eastern District of Missouri and elsewhere, in violation of 21 U.S.C. §§ 801 *et seq.* All claimants were served with process or by publication. The only claim in this case was submitted by Kelvin Pittman and all other potential claimants have defaulted by virtue of their failure to file claims. The record indicates that title and registration to the vehicle were held by Tamika and Tarvino Houston and the vehicle was in possession of Mr. Thomas when it was seized. Mr. Pittman's claim that he owned the vehicle is not credible.

For the foregoing reasons, judgment will be entered in favor of the government on its claim with respect to the defendant vehicle.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of July, 2009.